Mr. Justice Clayton
delivered the opinion of the Court.
In this case, Endicott and others, creditors of the testator, filed a petition in the Probate Court of Washington county, at its October term, 1843, to set aside a sale of the real estate of the decedent, which had been made and confirmed at a former term of the Court. It stated that the sale had been made in May, 1842, under an order of Court made in December, 1841, and that the sale had been confirmed in August, 1842. The reason assigned'in the petition as the ground of the application for setting aside the sale, was fraud in the sale at the time it was made, on the part of the executrix, in representing the whole land to be subject to the payment of a mortgage-debt, when, in truth, only part was so subject.
No party was made to the petition excépt the executrix. Andrew Turnbull, who became the purchaser at the sale, and George G. Skipwith, who purchased of him, each filed petitions, praying to be admitted as parties to the proceedings. These petitions were rejected, and the Court made an order setting aside the former sale, and directing the executrix to make a re-sale. From this order, the case comes by appeal to this Court.
*304 The question thence arises, whether it was competent to the Probate Court to set aside the order confirming the sale, at any subsequent term. That Court has power to set aside a sale for fraud, which has been made under its direction, when application for the purpose is made at the term to which the report of sale is returned. Planters Bank v. Neely, 7 How. 96. When the application is made at a subsequent term, the point assumes a wholly different aspect. More than once heretofore, we have had occasion to advert to this point, though it has never received a direct determination. Smith v. Hurd, 7 How. 201; Smith v. Denson, 2 Sme. & Mar. 339. To vacate a judgment, order, or decree on account of fraud, has, in England, been uniformly holden to pertain to a Court of Chancery alone. Neither the Ecclesiastical, nor Common Law Courts possessed the power. See 1 Yes. sen. 283. It cannot be regarded as in the course of administration of an estate. We adopt what is said upon this subject in 7 How. 201, and believe that such power is not confided to the Probate Court by the Constitution.
The decree of the Court below is therefore reversed, and the order setting aside the sale rescinded. The petition to that extent will be dismissed, without prejudice to any other proceeding that maybe instituted. For the purpose of compelling the executrix to make settlement of her account, it may be retained or dismissed in the Court below at the pleasure of the petitioners. To this end, the cause will be remanded to that Court.
Decree reversed, and cause remanded.